NIEMEYER, Circuit Judge,
concurring:
I am pleased to concur in Chief Judge Traxler’s fine opinion, recognizing his nu *174 anced articulation of how the pleader may variously use a document incorporated into the complaint. I write this brief concurrence only to note that, in determining qualified immunity, we need not recognize only the pleader’s version of the facts that are stated in the incorporated document if the document is taken to state those facts accurately from the defendants’ point of view, here the officers’ point of view. Thus, if the document — in this case, the Incident Report — were taken to state accurately the officers’ perceptions, we could use those perceptions to determine qualified immunity. See Rowland v. Perry, 41 F.3d 167, 173 (4th Cir.1994). In Rowland, Judge Wilkinson wrote:
Though it focuses on the objective facts, the immunity inquiry must be filtered through the lens of the officer’s perceptions at the time of the incident in question. Such a perspective serves two purposes. First, using the officer’s perception of the facts at the time limits second-guessing the reasonableness of actions with the benefit of 20/20 hindsight. Second, using this perspective limits the need for decision-makers to sort through conflicting versions of the “actual” facts, and allows them to focus instead on what the police officer reasonably perceived.
Id. (emphasis added) (citations omitted).
On remand, the officers will be able to supply their own affidavits of their perceptions at the time of the incident, thus enabling the district court to conduct an appropriate analysis of their qualified immunity defense.